An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-1143

Filed 5 August 2026

Durham County, No. 21CR053333-310

STATE OF NORTH CAROLINA

v.

CASSANDRA KEA ALLEN

Appeal by defendant from judgment entered 28 May 2025 by Judge Josephine Kerr-Davis in Durham County Superior Court. Heard in the Court of Appeals 14 July 2026.

> *Attorney General Jeff Jackson, by Assistant Attorney General Michelle B. Harris, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Sterling Rozear, for defendant-appellant.*

ZACHARY, Judge.

Defendant Cassandra Kea Allen appeals from the trial court's judgment revoking her probation. Counsel for Defendant filed an *Anders* brief on appeal. After careful review, we affirm the judgment of the trial court.

**Background**

On 30 May 2023, Defendant entered into a plea arrangement wherein she agreed to plead guilty to possession with the intent to manufacture, sell, or deliver a Schedule I controlled substance with the stipulations that she would "receive a sentence of 11-23 months imprisonment," that her sentence would be "suspended over 24 months of supervised probation," and that the State would dismiss a pending charge. That same day, the trial court entered judgment sentencing Defendant to 11 to 23 months' imprisonment in the custody of the North Carolina Department of Correction. The court suspended Defendant's sentence and placed her on supervised probation for 24 months.

From November 2023 to April 2025, Defendant's probation officer filed three probation violation reports alleging various violations of Defendant's probation. On 7 November 2023, Defendant's probation officer alleged that Defendant had violated her probation by, *inter alia*, absconding in that "after numerous attempts to contact" Defendant, she had refused to make herself available for supervision. On 3 March 2025, the probation officer filed a second violation report, alleging that Defendant had committed two additional violations of her probation. In the third violation report, filed on 28 April 2025, Defendant's probation officer alleged that Defendant had violated three other conditions of her probation.

On 28 May 2025, Defendant's probation violations came on for hearing in Durham County Superior Court. The trial court found that Defendant had absconded from supervision, revoked her probation, and activated her suspended sentence.

Defendant gave timely notice of appeal.

## *Anders* Review

On appeal, Defendant's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, *reh'g denied*, 388 U.S. 924, 18 L. Ed. 2d 1377 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), stating that "[a]fter careful review of the record and applicable law, counsel is unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal." Thus, counsel has requested "this Court to conduct a full examination of the record for any prejudicial error and to determine if any issue has been overlooked." We are satisfied that counsel has complied with the requirements of *Anders* and *Kinch* in that counsel "advised [Defendant] of her right to file her own supplemental arguments and provided [Defendant] with [counsel's] brief, the trial transcript, record on appeal, and mailing address of this Court."

Defendant has not filed any written arguments on her own behalf with this Court, and a reasonable time in which she could have done so has passed. In the *Anders* brief, Defendant's counsel raised three potential issues for our consideration, none of which have merit, based on our careful review of the record.

"Under our review pursuant to *Anders* and *Kinch*, we must determine from a full examination of all the proceedings whether the appeal is wholly frivolous." *State v. Frink*, 177 N.C. App. 144, 145, 627 S.E.2d 472, 473 (2006) (extraneity removed). As required by *Anders* and *Kinch*, we have conducted a full examination of the record for

any issue with arguable merit, including the potential issues that Defendant's counsel raised. We are unable to discern any error that might entitle Defendant to relief from the judgment.

## Conclusion

For the foregoing reasons, we affirm the judgment of the trial court.

AFFIRMED.

Judges GRIFFIN and STADING concur.

Report per Rule 30(e).